UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO DAVID BARROSO SALAZAR (A-245-295-568),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, ET AL.,<br><br>Respondents. | No. 1:26-CV-03948-DC-CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Ernesto David Barroso Salazar (A-245-295-568), a native and citizen of Venezuela who is proceeding without counsel, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On September 28, 2023, petitioner entered the United States and was detained by immigration authorities. He was subsequently released on his own recognizance. On February 20, 2026, petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE") officials after he was arrested by local authorities for theft. ICE initiated removal proceedings against petitioner based on his criminal convictions. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted in part and denied in part.

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

On September 28, 2023, petitioner entered the United States and was detained by immigration authorities. (ECF No. 8 at 3; ECF No. 5-1 at 2.) Petitioner was subsequently released on his own recognizance. (ECF No. 8 at 3; see ECF No. 5-1 at 2-3.) Petitioner has a pending asylum case. (See ECF No. 8 at 7.) Petitioner is married and has two minor children, who rely entirely on petitioner for financial and emotional support. (Id. at 3.)

On February 16, 2026, petitioner was arrested in Florida by local law enforcement and charged with a single misdemeanor count of petit theft under Florida Statute § 812.014(3A). (ECF No. 8 at 4.) After bond was posted in his criminal case, petitioner was transferred into ICE custody on February 20, 2026. (Id.)

On April 23, 2026, an immigration judge denied petitioner a custody redetermination (bond) for lack of jurisdiction. (ECF No. 9 at 3; ECF No. 5-3.)

## II. PROCEDURAL BACKGROUND

On May 22, 2026, petitioner filed a verified petition for writ of habeas corpus. (ECF No. 1.) On June 3, respondents timely filed an opposition to the petition and a motion to dismiss. (ECF No. 5.) After respondents filed a notice of related case with Case No. 1:26-cv-4213, the district judge signed a related case order on June 11, 2026. (ECF No. 7.) On July 6, 2026, petitioner filed a verified first amended petition and a motion for a temporary restraining order. (ECF Nos. 8, 9.) On July 10, 2026, the district court dismissed this action as duplicative and terminated the pending motion as moot. (ECF No. 10.) On July 16, 2026, the district court vacated this order as issued in error, reopened the case, and reactivated the motion for a temporary restraining order. (ECF No. 11.) Also on July 16, 2026, the district court ordered respondents to respond to the motion, "substantively address[ing] whether there are any factual or legal issues in this case that materially distinguish it from the court's prior orders" identified. (ECF No. 12.) On July 20, 2026, respondents filed their supplemental opposition. (ECF No. 13.)

---

[2] Petitioner filed a verified amended habeas petition. (ECF No. 8 at 10.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

On July 28, 2026, petitioner filed a separate brief in support of his motion and a reply. (ECF Nos. 14, 15.)

On August 3, 2026, the district judge denied petitioner's motion for a temporary restraining order because petitioner has not demonstrated a likelihood of success on the merits of his statutory claim where he is detained pursuant to 8 U.S.C. § 1226(c)(1)(E) based on his arrest for petit theft and where his detention has not exceeded six months, or a likelihood of success on the merits of his constitutional claim where his detention has not exceeded six months. (ECF No. 16.) The district judge referred the matter to the assigned magistrate judge for further proceedings. (ECF No. 16.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner raises the following claims in his amended petition: (1) petitioner's re-detention without any pre-deprivation process violated due process; (2) petitioner's prolonged and indefinite detention violates due process; and (3) petitioner's detention violates the Immigration and Nationality Act ("INA"). (ECF No. 8 at 4-8.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant for admission" and 8 U.S.C. § 1226(c)(1)(E)(ii) for being charged with or arrested for theft. (ECF No. 5 at 2-3; ECF No. 13 at 4-5.) Respondents further argue that the petition is moot because petitioner has received the relief

that could be granted, a bond hearing before an immigration judge who evaluated the record. (ECF No. 5 at 1; ECF No. 13 at 1, 3.) Respondents further argue that the petition should be dismissed for failure to exhaust where petitioner did not appeal the immigration judge's denial of bond. (ECF No. 5 at 4-5; ECF No. 13 at 5.)

**A. Re-Detention and Statutory Claim (Claims One and Three)**

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant for admission" and 8 U.S.C. § 1226(c)(1)(E)(ii) for being charged with or arrested for theft. (ECF No. 5 at 2-3; ECF No. 13 at 4-5.) The Ninth Circuit has squarely rejected respondents' position that individuals such as petitioner—who entered the United States in September 2023, was initially detained and released by immigration authorities on his own recognizance, and has lived in the United States for almost 2.5 years before he was re-detained—are "applicants for admission" subject to mandatory detention under § 1225(b)(2). See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

The Court must next decide whether petitioner is detained pursuant to § 1226(c)(1)(E) based on petitioner's arrest for petit theft. In denying petitioner's the motion for a temporary restraining order, the district judge noted that petitioner acknowledged his arrest for petit theft in his amended petition, but did not respond to the government's § 1226(c) detention argument in his reply. (ECF No. 16.) The district judge concluded that petitioner did not demonstrate a likelihood of success on the merits of his claim that his detention is in violation of his statutory rights. (Id.)

Section 1226(c) carves out a statutory category of non-citizens who, despite being arrested while already in the country, may not be released because of their criminal activities. See 8 U.S.C. § 1226(c). Section 1226(c)(1)(E) mandates detention of any noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C.

§ 1226(c)(1)(E).

Petitioner does not allege or argue that he had valid entry documents (see ECF Nos. 8, 14, 15), and respondents have submitted an I-213 that indicates that petitioner is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not being in possession of valid entry documents at the time of his entry (ECF No. 5-1 at 2). The first element is satisfied.

Respondents contend the second element is satisfied based on petitioner's arrest for petit theft. (ECF No. 5 at 3; ECF No. 13 at 3-4.) Petitioner admits in his amended petition, brief, and reply that he was arrested for petit theft, but fails to respond to the government's argument that he is therefore mandatorily detained pursuant to § 1226(c)(1)(E). (See ECF No. 8 at 4; ECF No. 14 at 2; ECF No. 15 at 4.) Similar to the denial of the temporary restraining order, this Court concludes that petitioner is detained pursuant to § 1226(c)(1)(E). Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). The Court therefore recommends denying the statutory claim (claim three) and the pre-deprivation due process claim (claim one).

**B. Prolonged Detention Claim (Claim Two)**

This does not end the inquiry, however, because petitioner has raised a prolonged detention due process claim.[3] While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct.

[3] At the time that the district judge denied petitioner's motion for a temporary restraining order, petitioner had been detained less than six months. (See ECF No. 16.)

16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their

presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained over six months since February 20, 2026. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[4] Mathews, 424 U.S. at 335.

[4] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). While petitioner's detention for over six months is not as lengthy as other similar cases, the length of future detention is unknown and indefinite where he does not yet have a final removal order and further judicial review is available after a removal order. In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since February 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. Respondents' attempt to argue that petitioner had a bond hearing fail where the immigration judge did not reach danger or flight risk, and instead denied bond for lack of jurisdiction under Matter of Hurtado, 29 I&N Dec. 216 (BIA 2025), finding petitioner was an "applicant for admission" under § 1225(b)(2) (INA § 235(b)(2)). (See ECF No. 13-1; see also ECF No. 8 at 4.) The Ninth Circuit has squarely rejected the position that individuals such as petitioner are "applicants for admission." See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). It is not this Court's role to determine whether petitioner is

---

test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

a danger or flight risk.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over six months and the length of his future detention is unknown where the removal order is not yet final and further judicial review is available. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**C. Immigration Judge's Bond Hearing and Exhaustion**

Respondents raise two arguments related to the immigration judge's denial of bond. Respondents argue that the petition is moot because petitioner has received the relief that could be granted—a bond hearing before an immigration judge who evaluated the record. (ECF No. 5 at 1; ECF No. 13 at 1, 3.) This argument is confusing. On the one hand, respondents acknowledge that the immigration judge did not reach danger or flight risk (ECF No. 5 at 1 n.1), but then on the other hand, respondents argue that the immigration judge found petitioner to be a flight risk and evaluated the record. (See ECF No. 5 at 5; ECF No. 13 at 1.) Regardless, respondents' argument fails because the immigration judge's order makes clear that bond was denied for lack of jurisdiction under Matter of Hurtado, based on finding petitioner is an "applicant for admission" under § 1225(b)(2). (See ECF No. 13-1; see also ECF No. 8 at 4.) As described above, the Ninth Circuit has rejected this position. See Rodriguez Vazquez v. Bostock, 2026 WL 2196424.

Respondents further argue that the petition should be dismissed for failure to exhaust where petitioner did not appeal the immigration judge's denial of bond. (ECF No. 5 at 4-5; ECF No. 13 at 5.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals

before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

The Court concludes that the prudential exhaustion requirement should be waived. The Court joins the multitude of district courts to consider this issue recently in the context of habeas petitions filed by immigrant detainees and finds "pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens detained in the United States without admission are 'seeking admission' for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained." Singh v. Andrews, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025) (citing Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)); see also J.A.C.P. v. Wofford, 2025 WL 3013328, at *7 n.9 (E.D. Cal. Oct. 27, 2025) ("In addition, pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all

noncitizens present in the United States without admission are 'seeking admission' for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained.") (citing Matter of Yajure Hurtado, 29 I&N Dec. 216); Chavez v. Noem, 2025 WL 2730228, at *3-4 (S.D. Cal. Sept. 24, 2025) (waiving exhaustion as futile because "the BIA has already applied its expertise in deciding and designating Matter of Yajure Hurtado as precedential. It therefore seems clear that anyone deemed inadmissible under § 1182(a)(6)(A)(i) (that is, '[a]n alien present in the United States without being admitted or paroled') will be subjected to mandatory detention without bond under § 1225(b)(2) upon BIA review."); Barco Mercado v. Francis, 2025 WL 3295903, at *12 (S.D.N.Y. Nov. 26, 2025). Here, because the immigration judge found that it lacked jurisdiction, petitioner would lack recourse through statutory or administrative means. (See ECF No. 5 at 1-2, 4-5; ECF No. 13 at 4.) Accordingly, the Court finds the prudential exhaustion requirement should be waived.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended petition for writ of habeas corpus (ECF No. 8) be GRANTED as to claim two (prolonged detention), and DENIED as to claims one and three (pre-detention due process and statutory).
2. Respondent be ordered to provide petitioner Ernesto David Barroso Salazar (A-245-295-568) with a bond hearing before a neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where the government bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight. Respondents must provide petitioner with at least **seven (7) days'** notice before the bond hearing.
3. Because petitioner is proceeding pro se, respondent be further directed to file a status report within **seven (7) days** from the date of the bond hearing.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

barr.3948.26.frs.bond