UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO DAVID BARROSO SALAZAR (A-245-295-568),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-03948-DC-CSK (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 18, 20) |

Petitioner, an immigration detainee proceeding pro se, filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 8.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 18.) On August 30, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 19.) Respondents assert that the magistrate judge "erred by conflating the process provided by Congress with the generalized concept of due process under the Fifth Amendment," and that "the process provided by Congress under the Immigration and Nationality Act satisfie[s] the due process clause of the Fifth Amendment for Petitioner and similarly situated aliens seeking

admission to the United States." (*Id.* at 2.) Respondents further object because "a bond hearing before an immigration judge falls outside the core of habeas corpus even though a collateral consequence of such a bond hearing may be release of a detainee," and "the Ninth Circuit has warned about shifting . . . the burden of proof in immigration bond hearings." (*Id.*) On October 19, 2026, Petitioner filed a motion for a status conference and ruling. (Doc. No. 20.)

Respondents' arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that noncitizens are entitled to a bond hearing when their mandatory immigration detention without any such hearing has become unconstitutionally prolonged. *See Inderjit Singh v. Albarran*, No. 1:26-cv-00940-DC-DMC, 2026 WL 392169 (E.D. Cal. Feb. 12, 2026) (granting motion for temporary restraining order and ordering a bond hearing where the petitioner was detained pursuant to 8 U.S.C. § 1226(c) for approximately twelve months without a bond hearing); *see also Rodriguez v. Warden, Cal. City Det. Fac.*, No. 1:26-cv-01373-DC-SCR, 2026 WL 1727199 (E.D. Cal. June 15, 2026) (granting petition for a writ of habeas corpus and ordering a bond hearing where the petitioner was detained pursuant to 8 U.S.C. § 1226(c) for over six months without a bond hearing). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 25, 2026 (Doc. No. 18), are ADOPTED;
2. The amended petition for a writ of habeas corpus (Doc. No. 8) is GRANTED on due

/////

/////

/////

/////

process grounds,[1] as follows:

a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Ernesto David Barroso Salazar (A-245-295-568) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;

b. Respondents are ORDERED to provide Petitioner and his counsel, if any, with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. Petitioner's pending motion (Doc. No. 20) is DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

---

[1] Because the court is granting the petition on procedural due process grounds (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge